U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court

Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | INFORMATION NO. _____ |
| | ) | |
| v. | ) | CR118 013 |
| | ) | |
| **PRESTON Q. HOWARD** | ) | |
| | ) | |
| | ) | |

**PLEA AGREEMENT**

Defendant Preston Q. Howard, represented by his counsel Henry Nelson Crane, III, and the United States of America, represented by Assistant United States Attorney Nancy C. Greenwood, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Counts One through Three of the Information, which charges Obstruction of Persons in the Free Exercise of Religious Beliefs, in violation of 18 U.S.C. § 247(a)(2).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offenses charged in Counts One through Three are (1) that Defendant intentionally obstructed, or attempted to obstruct, any person in the enjoyment of that person's free exercise of religious beliefs; (2) that Defendant did so by force or threat of force; (3) that Defendant's act included the

threatened use of a dangerous weapon, explosives, or fire; and (4) that Defendant's act was in or affected interstate commerce.

Defendant agrees that he is, in fact, guilty of this offenses as charged. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

On or about the dates and times listed below, in Columbia County, within the Southern District of Georgia, and elsewhere, the defendant, **PRESTON Q. HOWARD,** in or affecting interstate commerce, did intentionally obstruct, and attempt to obstruct, by threat of force, members of the Islamic Society of Augusta in the enjoyment of the members' free exercise of their religious beliefs, in that the defendant used a mobile telephone to call the Islamic Society of Augusta and left voicemail messages that included the threatened use of a dangerous weapon, explosives and fire, by stating the following:

| Date/Time | Nature of Threats Made |
|---|---|
| June 22, 2017<br>6:36 a.m. | He would:<br>… kill<br>… blow their heads off<br>… chop their heads off<br>… post bombs in the mosque<br>… kill Muslims in this country |
| June 22, 2017<br>6:39 a.m. | He would:<br>… blow up the mosque<br>… have a firearm next time they have a prayer and to shoot them<br>… shoot you when you come into the mosques<br>… behead you<br>… end Muslim religion in this country<br>… shoot and kill you |

2

| Date/Time | Nature of Threats Made |
|---|---|
| June 22, 2017<br>6:44 a.m. | He would:<br>… start killing your people<br>… shoot and kill Muslims<br>… shoot and kill |
| June 22, 2017<br>6:50 a.m. | He would:<br>… shoot you<br>… come with his friends to your mosques and blow the heads off the people in your mosques<br>… caller knows where you live and will blow your head off |
| July 11, 2017<br>before 2:43 a.m. | He/they would:<br>… douse you with gasoline<br>… light you on fire<br>… hunt you down … shoot you and kill you<br>… look for you, and know your address<br>… behead you<br>… zone in on Muslims |
| July 11, 2017<br>2:43 a.m. | He/they would:<br>… murder you<br>… put a bullet in your brain and we know where you live<br>… put you in a body bag<br>… kill you and get you out of this country |
| August 8, 2017<br>4:12 a.m. | … you will be killed<br>… we will be killing you Muslims in our country<br>… caller knows where you live and will put a bullet in your head<br>… caller will execute you |

All in violation of Title 18, United States Code, Sections 247(a)(2) and (d)(3).

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible sentence: 20 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

3

4.  <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.  <u>Agreements Regarding Sentencing Guidelines</u>

   a.  <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

4

b. <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7. <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss Indictment CR117-80, which remains pending against Defendant.

8. <u>Financial Obligations and Agreements</u>

a. <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.  Special Assessment

Defendant agrees to pay a special assessment in the amount of $300.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.  Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

d.  Financial Examination

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    e.    <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    f.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

    g.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.    <u>Waivers</u>

    a.    <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct

appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements

in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that

may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13.   Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

2/27/18
Date

Patricia G. Rhodes
Deputy Chief, Criminal Division

2/27/18
Date

Nancy C. Greenwood (Lead counsel)
Georgia Bar No. 309179
Assistant United States Attorney

10

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

2-26-18
Date

Preston Q. Howard, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

2-26-18
Date

Henry Nelson Crane, III
Attorney for Defendant

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INFORMATION NO. _____ |
| | ) |
| v. | ) |
| | ) |
| PRESTON Q. HOWARD | ) |
| | ) |
| | ) |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 26th day of March 2018.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA